**In re Carl A. FIELDS, Jr., Debtor.**

**Bankruptcy No. 95–10808–JEY.**

United States Bankruptcy Court, D. New Hampshire.

Dec. 5, 1995.

Lawrence P. Sumski, Trustee, Amherst, NH.

David Cline, Nashua, NH, for debtor.

### Order

JAMES E. YACOS, Chief Judge.

This chapter 13 case came on for a continued confirmation hearing before the Court on November 17, 1995 on an Amended Chapter 13 Plan, dated October 19, 1995 and filed October 23, 1995 by the debtor, Carl A. Fields, Jr. The issues presented to the Court are whether a chapter 13 plan that provides for no dividend to the general unsecured creditors is confirmable under Section 1325 of the Bankruptcy Code, and whether all of debtor's disposable income will be applied to payments under the chapter 13 plan as required by Section 1325(b)(1)(B) of the Bankruptcy Code.

The proposed amended chapter 13 plan provides for monthly payments of $494.98 over 41 months (plus a final payment of $49.26 in the 42nd month). These payments will satisfy priority tax claims owed to the IRS in the amount of $642.00, will pay $17,-852.02 to satisfy secured arrearages owed to the mortgagee on the debtor's house, will pay the trustee's statutory fees, and will pay no dividend to the general unsecured creditors whose claims total $21,072.00.

The debtor could (but has elected not to) propose a 60-month plan that would have continued the monthly payments and provided a substantial dividend to the general unsecured creditors over the last 18 months of such an extended plan. The Bankruptcy Code permits plans up to five years, and permits the Court to extend the usual three-year plan provision under the statute to five years for cause shown. Section 1322(d) of the Bankruptcy Code provides:

> The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years.

11 U.S.C. § 1322(d). Case law does not define what "for cause" might entail in the context of section 1322(d), and there are no reported cases in which a court has applied section 1322(d) to extend the duration of a chapter 13 plan when such an extension has not been requested by either the debtor or a creditor.

Arguably, the requirement of the Bankruptcy Code that a chapter 13 debtor propose his plan in good faith requires some effort to make at least a de minimus payment

to the unsecured creditors, such as by extending the plan payment period.[1] Section 1325(a)(3) of the Bankruptcy Code provides that "... the court shall confirm a plan if ... the plan has been proposed in good faith." 11 U.S.C. § 1325(a)(3). The Chapter 13 Trustee notes that some courts have interpreted this section to require, as part of its "good faith" test, "a certain mandatory minimal treatment for unsecured claimants beyond the mere liquidation test" set forth in section 1325(a)(4). The trustee concedes, however, that "the more prevalent view ... is that there is little if any economic content to the good faith test."

The Court is not going to rule definitively in this case on these legal questions, i.e. whether a plan is not proposed in good faith and/or whether a plan can be denied confirmation because the debtor is not making payments over the maximum period permitted under a chapter 13 plan. The Court considers that those facts may be relevant as a factor in denying confirmation in another case, but it is the Court's judgment that in this case these facts do not support a denial of confirmation. First, the Court considers the fact that there is no general unsecured creditor here that is objecting to confirmation of this plan which gives them nothing. Therefore that issue is not directly presented by creditors who might raise a balancing-of-the-harms consideration by the Court between this debtor and his concerns for the future and the creditors and their concerns for the past in which they were not paid and the future in which they will go with nothing while the debtor keeps his disposable income for the 18 months remaining during which he could have proposed further payment in this plan.

Suffice it to say that, in an appropriate case, such will be the Court's concerns in that regard, but in the present case the creditors are not raising the issue and the trustee has not raised that issue in the context of representing dissatisfied general cred-

itors. The trustee has pointed out that there is no explicit requirement in the statute for any minimum amount of payments, as has the debtor's attorney. The trustee has cited the Lundin treatise, Keith M. Lundin, *Chapter 13 Bankruptcy* (2nd Ed.1994), which indicates that the lack of distribution to a general creditor class in chapter 13 is not by itself sufficient to support denial of confirmation or dismissal of the case. *See* Lundin, *Chapter 13 Bankruptcy*, Vol. 2, § 5.27 *et. seq.*, pp. 5–74, 5–75.

It is the Court's view that a zero distribution plan is a relevant factor that the Court may consider in whether to confirm a particular plan, but it is just *a factor* and *not a per se rule* for denying confirmation. In the present case, the Court has considered the debtor's circumstances, his family responsibilities, and what he is paying. The Court has also considered that the case obviously was filed to stop a foreclosure and loss of a family home, and that the case was not filed as some manipulative device to in effect deny any relief to creditors while the debtor goes free in the future to enjoy his disposable income and also to take advantage of the super discharge available in chapter 13. The Court concludes that, based upon these considerations, this is not a case that raises other factors that might, when combined with the fact of zero distribution to general unsecured creditors, support a denial of confirmation.

Relevant to the disposable income issue, as a result of a prior hearing on confirmation of debtor's chapter 13 plan (prior to amendment), the Court required debtor to file an amended plan that provided for distribution of additional income resulting from the deletion of certain retirement deductions, charitable contributions, and savings account deductions from his salary. The debtor complied (increasing his monthly net income by $145.14), however his amended chapter 13 plan provides for no further distribution than

---

1. This case does not raise any issue under the "best-interests-of-creditors" test, which derives from section 1325(a)(4), and which requires that the general unsecured creditors get at least as much in a chapter 13 plan as they would get if the case was a liquidation case under Chapter 7

of the Bankruptcy Code. The debtor and the Chapter 13 Trustee have satisfactorily shown that if this case was a liquidation case under chapter 7, the general unsecured creditors would receive nothing. Therefore, the best interest test of 11 U.S.C. § 1325(a)(4) is satisfied here.

the original plan, because the debtor concommitantly filed a motion requesting that he be allowed to amend his schedules to reflect an increase in expenses of $145, which coincidently is approximately the amount of his additional disposable income.

The increased expenses are $1,200 per year for entertainment such as recreation, newspapers, and the usual discretionary items, and $540 a year for birthday and christmas gifts. The debtor has a family of five. The result is that under the amended plan the debtor still has the same approximate $500 of net disposable monthly income to cover the plan. The trustee has raised some question whether debtor's amendment of his schedules to show an increase in expenses was done to cover the increase in debtor's income due to the deletion of arguably unnecessary deductions from debtor's pay.

The Court finds that the trustee has failed to show an excess of disposable income that could support an increase in plan payments. First, some of the items deducted from the pay are not necessarily items that the debtor had to forego, because providing for retirement is recognized as a valid deduction as long as the deduction is a reasonable amount inasmuch as everybody has to look ahead for their retirement these days, particularly with Congress indicating that entitlement plans may be cut substantially in the future. Second, although the increase in expenses neatly matches the increase in take-home pay, the Court finds that the additional expense items are legitimate expenses that the debtor could have listed in the first instance. The debtor testified that he was in a hurry to prepare his chapter 13 petition and schedules in order to avoid a foreclosure on his home, and that he therefore overlooked these expense items. The Court has no ground for disbelieving the debtor on this point. Accordingly, the Court concludes that there is no basis to deny confirmation on the disposable income question.

In accordance with the foregoing, the Amended Chapter 13 Plan dated October 19, 1995 and filed October 23, 1995 will be confirmed by separate Order entered contemporaneously herewith.

DONE and ORDERED.